UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA | **Order of Restitution** |
| v. | S1 19 Cr. 126 (AKH) |
| VICTORIA DAVIDSON | |

---

Upon the application of the United States of America, by its attorney, Damian Williams, United States Attorney for the Southern District of New York, Madison Reddick Smyser, Jonathan L. Bodansky, and Daniel C. Richenthal, Assistant United States Attorneys, of counsel; the presentence investigation report; the defendant's conviction on Counts One, Three, and Five of the Superseding Indictment; and all other proceedings in this case, it is hereby ORDERED that:

1. **Amount of Restitution**

VICTORIA DAVIDSON, the defendant, shall pay restitution in the total amount of $331,550, pursuant to 18 U.S.C. § 3663A, to the victim of the offenses charged in Counts One, Three, and Five. The name and address of the victim are set forth in the Schedule of Victims, attached hereto as Schedule A. Upon advice by the United States Attorney's Office of a change of address of the victim, the Clerk of Court is authorized to send payments to the new address without further order of this Court.

A. **Joint and Several Liability**

Restitution is joint and several with the following defendant in the following case: George Guldi, *United States v. Guldi*, S1 19 Cr. 126 (AKH). The defendant's liability to pay restitution shall continue unabated until either the defendant has paid the full amount of restitution ordered herein, or the victim has recovered the total amount of its loss.

**B.   Apportionment Among Victims**

Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

**2.   Schedule of Payments**

Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, the defendant shall pay restitution in the manner and according to the schedule that follows:

In the interest of justice, restitution will be payable in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2).  While serving the term of imprisonment and home confinement, the defendant shall make installment payments toward restitution and may do so through the Bureau of Prisons' (BOP) Inmate Financial Responsibility Plan (IFRP) while in custody of the BOP, and at the rate of at least 15 percent of gross income during home confinement.  Any unpaid amount remaining upon release from prison will be paid in installments of at least 15 percent of the defendant's gross income on the 30th of each month, beginning the first month of supervised release following home confinement.  This schedule is without prejudice to the Government taking enforcement actions, pursuant to 18 U.S.C. § 3613, to the extent warranted.

**3.   Payment Instructions**

The defendant shall make restitution payments by certified check, money order, or online. Instructions for online criminal debt payments are available on the Clerk of Court's website at https://nysd.uscourts.gov/payment-information#PaymentofCriminalDebt.  Checks and money orders shall be made payable to the "SDNY Clerk of Court" and mailed or delivered to: United

States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The defendant shall write her name and the docket number of this case on each check or money order.

4. **Change in Circumstances**

The defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Program) of (1) any change of the defendant's name, residence, or mailing address or (2) any material change in the defendant's financial resources that affects the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

The Government reserves the right to move for the Court to modify the schedule of payments in this order should the Government or Probation Office determine that the defendant has additional income or assets that could be used to pay restitution.

5. **Term of Liability**

The defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the defendant, the defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

SO ORDERED:

_____   1/2/24
HON. ALVIN K. HELLERSTEIN        DATE
UNITED STATES DISTRICT JUDGE

2023.2.16                3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

VICTORIA DAVIDSON

**Schedule of Victims**

S1 19 Cr. 126 (AKH)

---

| Victim | Address | Amount of Restitution |
|---|---|---|
| Ditech Financial LLC | Kathryn Schultea<br>RLKS Executive Solutions LLC<br>P.O. Box 890009<br>Houston, TX 77289 | $331,550 |