UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
        - v. -                :   **DECLARATION OF**
                                          **<u>JOHN CALABRIA</u>**
:
VICTORIA DAVIDSON,                S1 19 Cr. 126 (AKH)
:
        Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK              )
COUNTY OF NEW YORK        : ss.:
SOUTHERN DISTRICT OF NEW YORK  )

        JOHN CALABRIA, under penalty of perjury, declares:

        1.        I am a Deputy United States Marshal with the United States Marshals Service ("USMS"). I have been a Deputy United States Marshal for 20 years and I have participated in numerous investigations involving financial crimes and the forfeiture of assets. I am familiar with the facts contained in this declaration through my participation in this investigation.

        2.        I respectfully make this declaration in connection with the Government's application for a Preliminary Order of Forfeiture as to Substitute Assets, as to the following property:

        a.        Any and all funds on deposit in Wells Fargo Bank Account No. 3571031735 in the name of Victoria Davidson (the "Subject Account"); and

1

    b.  The portion of any and all future disbursements from the Government to the Defendant, including but not limited to income tax return refunds and Social Security payments, which may be intercepted by the Treasury Offset Program, up to the amount of the outstanding Money Judgment

(a. and b., together, the "Substitute Assets").

    3.  From my review of the case file, I am familiar with the facts and circumstances of this forfeiture case. Because this declaration is being submitted for a limited purpose, I have not included in it everything I know about this forfeiture case. Where the contents of documents and the actions, conversations, and statements of others are related herein, they are related in substance and in part.

### The Indictment

    4.  On or about August 24, 2022, VICTORIA DAVIDSON (the "Defendant"), was charged in three counts of a five-count Superseding Indictment, S1 19 Cr. 126 (AKH) (the "Indictment"), with conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Three); and bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Count Five).

    5.  The Indictment included a forfeiture allegation as to Counts One through Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property, constituting or derived from proceeds obtained, directly or indirectly, as a result of the commission of the offenses charged in Counts One through Five of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Five of the Indictment.

6. The Indictment also included a substitute asset provision providing notice that if as a result of the Defendant's actions or omissions forfeitable property was unable to be located or obtained, transferred or sold to a third party person, had been placed beyond the jurisdiction of the Court, substantially diminished value or commingled with other property which cannot be subdivided without difficulty, the United States would seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant.

7. On or about January 25, 2023, the Defendant was found guilty, following a jury trial, of Counts One, Three, and Five of the Indictment.

**The Order of Forfeiture**

8. On or about March 23, 2023, the Court entered a Preliminary Order of Forfeiture/Money Judgment imposing a $253,236.00 money judgment against the Defendant (the "Money Judgment").

9. To date, the entire Money Judgment against the Defendant remains unpaid.

The Treasury Offset Program

**The Treasury Offset Program**

10. From my training and experience and communications with other law enforcement officers and representatives of the United States Department of the Treasury ("Treasury"), I am familiar with the operations of the Treasury Offset Program ("TOP").

12. TOP is a centralized delinquent debt collection program operated by Treasury's Financial Management Service ("FMS"). TOP collects delinquent claims owed to the United States by withholding payment disbursed by FMS and other federal disbursing officials, such as the Social Security Administration, Department of Defense, the United States Postal Service, and other federal entities.

13. As part of this disbursement process, TOP compares the name and tax

identification number ("TIN") of a payee on the payment voucher with the names and TINs associated with delinquent debts in the TOP debt database. If the name and TIN of the payee match the name and TIN of a debtor in the TOP database, TOP immediately reduces the payment to the payee by either the amount of the payee's debt or the amount of the payment, whichever is less. At the time of the offset, TOP automatically reduces the balance of the payee's delinquent debt by the amount of the offset.

14. After the offset or levy occurs, FMS sends a notice to the payee-debtor informing the payee-debtor that the payment has been reduced. Thereafter, information about the offset or levy is transmitted to the creditor agency to ensure that the amount of the offset or levy is properly applied to the payee-debtor's debt balance as shown on the creditor agency's books.

15. Pursuant to 31 U.S.C. §§ 3701(d) and 3716(h) during a twelve month period a total amount of $9,000 in Social Security payments is exempted from TOP. Accordingly, TOP will never offset a monthly Social Security Payment that is equal or less than $750.00. Additionally, the amount taken by TOP from a monthly Social Security payment will be 15% of the total payment or the amount of the payment that exceeds $750.00 whichever is less.

### The Substitute Assets

11. I have conducted an investigation into any assets of the defendant's that constitute proceeds of the offense or that may be available as substitute assets. In order to locate any additional assets of the Defendant, I conducted asset searches utilizing the CLEAR law enforcement database.   I performed a search of this database as recently as of December 17, 2024 All asset searches I performed yielded negative results.

12. My investigation into the Defendant's assets is ongoing. To date I have located the Substitute Assets.

I declare under penalties of perjury that the foregoing is true and correct, pursuant to Title 28, United States Code, Section 1746.

Dated:   New York, New York
         January 10, 2025

*John R Calabria*
JOHN CALABRIA
   Deputy United States Marshal
   United States Marshals Service